PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EZEQUIEL RIVERA, Defendant and Appellant.

No. 5154. Argued November 16, 1933.—Decided November 17, 1933.

*Burset & Pérez Pimentel* and *L. S. Serbiá* for appellant. *T. Torres Pérez, Assistant Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Ezequiel Rivera was charged with possessing at a certain time and place, for the purpose of selling, five quarts of white rum (*cañita*), which is an intoxicating liquor. He was convicted of a violation of the Federal Prohibition Act, and he took the present appeal.

At the close of the evidence for the prosecution, the defendant moved for an acquittal on the ground that the evidence was insufficient to warrant a conviction. The court denied such motion, and he now urges in support of his appeal that that ruling of the court and his conviction are erroneous. The *Fiscal* has not answered in his brief this assignment of error.

The evidence of the prosecuting attorney consisted in the testimony of two policemen. One testified that many people entered and left the house of the defendant, and that some left entirely intoxicated, and others speaking very loud and smelling strongly of rum; and that the defendant kept in his room the said rum. The other policeman merely testified that the defendant kept the rum in his house and that he did not have there either a store or a restaurant (*cafetín*).

This evidence is insufficient to conclude that the intoxicating liquor that the appellant kept in a room of his house was for sale to the public, for it was not enough that a witness should testify that many people entered the house and left it intoxicated, especially when it was even stated that they were not in that condition when they entered it. The possession of the intoxicating liquor by the appellant was proved, but the mere possession of such liquor does not constitute a public offense. *People* v. *Muñoz* and *People* v. *Santiago*, 35 P.R.R., pages 331 and 701, respectively.

The judgment appealed from must be reversed and the defendant discharged.

Mr. Chief Justice Del Toro dissented.